UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-60137-CV-DIMITROULEAS/TORRES

PATRICK VICTORIN,

    *Plaintiff*,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

    *Defendant*.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiff's unopposed motion for an award of $8,500.00 in attorneys' fees plus costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). [D.E. 23]. Defendant represented as per Local Rule 7.1 no opposition to the motion and indeed no written response was filed on the docket to the pending motion. Having reviewed the record and relevant authority, and being otherwise fully advised in the premises, the Court recommends that Plaintiff's motion be **GRANTED** for the following reasons.

First, the record in the case shows that Plaintiff is eligible for an award of attorneys' fees under the EAJA following the entry of a consent Judgment [D.E. 17] under sentence four of 42 U.S.C. § 405(g). That Judgment remanded the case to the Commissioner for further proceedings on Plaintiff's application for benefits. No

1

award of past-due benefits has yet been ordered, thus no fees are warranted under 42 U.S.C. § 406(b)(1)(A).  But, under the EAJA, a prevailing party may recover a separate award of fees if the position of the United States on initial judicial review was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). *See, e.g., Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1271 (11th Cir. 2010); *Watford v. Heckler,* 765 F.2d 1562, 1564-65 (11th Cir. 1985).

Second, upon the filing of a motion for fees under section 2412 the Commissioner bears the burden of proving the denial of benefits was substantially justified. "In proving that its position was substantially justified, the government bears the burden of demonstrating 'that its case had a reasonable basis both in law and fact.'" *Jefferson v. Bowen, 837* F.2d 461, 462 (11th Cir. 1988).

Here, given the Commissioner's decision to not oppose the motion no such showing has been made.  And the record indeed supports the conclusion that fees are awardable under section 2412(d)(2)(D).

Third, the Court has an independent duty to award only those fees that are reasonable and compensable under the statute.  When a plaintiff seeks attorney's fees, the EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step is "to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.' " *Id*. (citing *Norman v. Housing Auth. of*

2

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Meyer*, 958 F.2d at 1033–34; *see also* 28 U.S.C. § 2412(d)(2)(A).   The Eleventh Circuit has made clear that the application of the cost-of-living adjustment under the EAJA is considered "next to automatic." *Meyer*, 958 F.2d at 1035 n.9.   The hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. *See, e.g., Angene v. Acting Comm'r of Soc. Sec.*, No. 22-CV-23718, 2024 WL 3522491, at *2 (S.D. Fla. Feb. 16, 2024).

Upon the Court's review of the record, Plaintiff has established that a higher fee is justified, which the Commissioner again does not oppose as far as the amount requested in the motion.   Plaintiff's counsel required 33.1 hours of attorney time for the preparation of his briefing on the initial motion and the handling of the action. That amount was reasonable under the circumstances, together with 7.35 of paralegal time charged at $100.00 per hour.   Based on the increased cost of living that followed from the March 1996 date when the original $125 fee cap was set, the agreed-upon amount of $8,500 represents a billable attorney rate of $234.14 per hour, which amount falls far below the current market rate for competent counsel in comparable legal matters.

3

Fourth, a party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford,* 765 F.2d at 1568. The Court's review of counsel's itemization of work performed reflects that the work incurred was reasonably necessary for the successful outcome of the litigation at this stage. The number of hours requested, which again the Commissioner does not oppose, should be awarded in full.

Finally, in *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596-98. Plaintiff executed a valid assignment in this case.

Based on the foregoing, Plaintiff's motion should be **GRANTED** as follows.

A. Plaintiff should be awarded $8,500.00 for fees reasonably incurred in the action under the EAJA. Reasonably incurred costs in the amount of $405.00, representing the filing fees charge to Plaintiff, should also be awarded to be paid from the Judgment fund per 28 U.S.C. § 1304.

B. If the United States Department of the Treasury verifies to the Office of the General Counsel that Plaintiff does not owe a debt, the Government should honor Plaintiff's assignment of EAJA fees and costs and make

        payment of Plaintiff's total fee award of $8,500.00 and $405.00 in costs payable directly to Plaintiff's counsel.

C.    To expedite matters, any objection to this Report and Recommendation must be filed within seven (7) days.   Failure to object precludes a party from filing an appeal of the resolution of the pending motion.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 6th day of January, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge